**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAFID TAHRAOUI, an individual,

        Plaintiff - Appellant,

    v.

FRANKLIN BROWN; et al.,

        Defendants - Appellees.

No. 12-35291

D.C. No. 3:11-cv-05901-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

    Hafid Tahraoui appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that defendants violated his First, Fourth,

Fifth, and Fourteenth Amendment rights.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a district court's dismissal for failure to state a claim

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(6). *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). We may affirm on any ground supported by the record. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). We affirm.

The district court properly dismissed Tahraoui's First Amendment retaliation claim because Tahraoui failed to allege facts showing that defendants acted with the intent of chilling Tahraoui's protected conduct. *See Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) (in a First Amendment retaliation claim, plaintiff must demonstrate that defendant's "desire to cause the chilling effect was a but-for cause of the defendant's action").

The district court properly dismissed Tahraoui's Fourth Amendment claim because Tahraoui was not seized for purposes of the Fourth Amendment. *See Brendlin v. California*, 551 U.S. 249, 254 (2007) ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise there is at most an attempted seizure, so far as the Fourth Amendment is concerned.").

Dismissal of Tahraoui's substantive due process claim was proper because Tahraoui failed to allege facts showing that defendants acted with such deliberate indifference to his rights that their actions "shock the conscience." *See Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th Cir. 2010) ("To violate due

12-35291

process, state officials must act with such deliberate indifference to the liberty interest that their actions 'shock the conscience.'" (citation omitted)).

The district court did not abuse its discretion in denying Tahraoui's motion for reconsideration, including his request to amend his complaint to include facts and a claim that he "unintentionally forgot" to include in his First Amended Complaint. *See SEC. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (setting forth standard of review); *see also* W.D. Wash. R. 7(h)(1) (motions for reconsideration will be "ordinarily den[ied]" in the absence of a showing of "new facts . . . which could not have been brought to [the court's] attention earlier with reasonable diligence").

**AFFIRMED.**